UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BECKY LUSIGNAN                               :
                                             :
         v.                                  :    C.A. No. 09-156S
                                             :
LA CASA DEVELOPMENT CORP.,                   :
et. al.                                      :

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On March 31, 2009, Plaintiff Becky Lusignan filed an "Appeal" in this Court regarding a landlord/tenant dispute litigated in Rhode Island State Court. (Document No. 1). Plaintiff's Appeal was accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Document No. 2). After reviewing Plaintiff's Application to Proceed IFP, this Court concludes that she is unable to pay fees and costs in this matter and thus, her Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Appeal *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Appeal be DISMISSED because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

In her Appeal, Plaintiff seeks this Court's review of final decisions by the Rhode Island Superior Court, Washington County (WD-2008-0525) and the Rhode Island District Court, 4th

Division (C.A. No. 04-08-08). Plaintiff claims she will be "permanently homeless" if this Court does not accept her appeal and reverse the State Court's decisions. Plaintiff claims her appeal is proper because she is a victim of domestic violence and is entitled to relief under a federal statute, the Violence Against Women Act.

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that the Plaintiff's Appeal be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Appeal as true, and drawn all reasonable inferences in her favor.

Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to the facts alleged in Plaintiff's Appeal , the Court lacks subject matter jurisdiction over the claims set forth by the Plaintiff.

In her Appeal, Plaintiff asks this Court to overturn Rhode Island state court decisions in her case regarding her entitlement to reside in a particular apartment.  Under the Rooker-Feldman doctrine, however, this Court is unable to review her appeal.  In the federal system, only the United States Supreme Court arguably would have jurisdiction to review a case that was litigated and decided in the state court and to correct state court judgments.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Rooker-Feldman doctrine limits federal court jurisdiction over cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  This Court does not, however, offer any opinion on Plaintiff's right to appeal or seek further relief in the State Court system.

Having reviewed the Appeal and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiff's Appeal (Document No. 1) be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 6, 2009