UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BECKY LUSIGNAN :
:
v. : C.A. No. 09-156S
:
LA CASA DEVELOPMENT CORP. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiff Becky Lusignan's Motion for Leave to Appeal In Forma Pauperis ("IFP"). (Document No. 15). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Motion.

Plaintiff, proceeding *pro se*, has been granted leave to proceed IFP in this action. After reviewing the Complaint, I recommended that Plaintiff's Complaint be dismissed sua sponte under the Rooker-Feldman doctrine because Plaintiff was seeking to overturn, or "appeal" state court judgments in federal court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923).

Plaintiff's right to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's attempt to appeal to the First Circuit Court of Appeals presents no cognizable legal theories or factual allegations with merit. Because the Court lacks jurisdiction over the case under the Rooker-Feldman doctrine, Plaintiff's appeal is frivolous. Accordingly, this Court recommends that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP. (Document No. 15).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 16, 2009